JOHN B. BULGOZDY (Cal. Bar No. 219897)
Email: bulgozdyj@sec.gov
ADRIENNE D. GURLEY
Email: gurleya@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Alka Patel, Associate Regional Director
Amy J. Longo, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　Plaintiff,<br><br>vs.<br><br>TROY J. FLOWERS, SEAN P. NEVETT, and FRUITION, INC.,<br><br>　　　　Defendants. | Case No. 17-cv-01456-JAH-JLB<br><br>**CONSENT OF DEFENDANT FRUITION, INC.** |

1. Defendant Fruition, Inc. (f/k/a Seacoast Advisors, Inc.) ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment provided to it and submitted to the Court herewith (the "Judgment") and incorporated by reference herein, which, among other things:

   (a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 9(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78i(a)], and Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

   (b) prohibits Defendant from participating in any offering of penny stock pursuant to Section 20(g) of the Securities Act [15 U.S.C. § 77t(g)] and Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)];

   (c) orders Defendant to pay disgorgement with prejudgment interest thereon, in an amount to be determined; and

   (d) orders Defendant pay a civil penalty in an amount to be determined, under § 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

3. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty

amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.      Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Securities and Exchange Commission ("SEC"), and that prejudgment interest shall be calculated from July 19, 2017, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the SEC's motion for disgorgement and civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the SEC's motion for disgorgement and civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

5.   Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.   Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

7.   Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the SEC or any member, officer, employee, agent, or representative of the SEC to induce Defendant to enter into this Consent.

8.   Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

9.   Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.  Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the SEC, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

11.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the SEC or any member, officer, employee, agent, or representative of the SEC with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences

under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the SEC based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the Complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the Complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the SEC may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the SEC is not

1 | a party.

2 | 13. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14. Defendant agrees that the SEC may present the Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: JANUARY 5, 2018

Fruition, Inc.

By: _____
Troy J. Flowers
President

On JANUARY 5, 2018, TROY J. FLOWERS, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Oct. 16, 2021

Approved as to form:

_____
Joel Athey

5

1  Holland & Knight
2  400 South Hope Street, 8th Floor
   Los Angeles CA 90071
3  Tel: (213) 896-2491
   Attorney for Defendant Troy J. Flowers
4  And Fruition, Inc. f/k/a Seacoast Advisors, Inc.

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Ste. 900, Los Angeles, CA 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On January 10, 2018, I caused to be served the document entitled **CONSENT OF DEFENDANT FRUITION, INC.** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 10, 2018         */s/ John B. Bulgozdy*
                              JOHN B. BULGOZDY

1                                        Case No. 17-cv-01456-JAH-JLB

# SEC v. FLOWERS, et al.
United States District Court – Southern District of California
Case No. 17-cv-01456-JAH-JLB

## SERVICE LIST

Joel M. Athey
Nicholas B. Melzer
Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
(213) 896-2400
joel.athey@hklaw.com
nicholas.melzer@hklaw.com
*Attorneys for Defendants Troy Joseph Flowers and Fruition, Inc.*

Andrew B. Holmes
Patrick V. Chesney
Holmes, Taylor, Scott & Jones LLP
617 South Olive Street, Suite 1200
Los Angeles, CA 90014
(213) 985-2200
abholmes@htsjlaw.com
patrick.chesney@htsjlaw.com
*Attorneys for Defendant Sean Paul Nevett*